[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he received an unfair disciplinary hearing for which he was sanctioned 180 days of good time credit. He testified that he received a disciplinary ticket on August 23, 1993 for assault on inmate Ronald Henley on August 27, 1993 while they were in "H" unit's recreation yard. He requested a hearing which was held on September 1, 1993 at which he was represented by Advocate Bartholomew, pleaded not guilty, called no witnesses but was heard. He stated he was in the yard when Inmate Henley was assaulted by three or four other inmates and at one point Henley called upon him to help him but petitioner did not want to get involved. He also stated that there were seven or eight other inmates who were working out who also observed the altercation. He claims Henley is being vindictive because he had not come to CT Page 10936 his assistance when called. The petitioner claims that he is being punished because the hearing officer believed Henley and not him.
Lt. Ronaghs who was assigned to investigate the incident determined that the victim's statement that he was assaulted by four other inmates including the petitioner was consistent with the injuries he observed. He interviewed the four inmates accused of the assault and was able to place each at the scene. He learned from other staff people that the four were associates who appeared to act in concert and were known to hang out together without constructive purpose He determined no reason for the victim to give false information concerning so serious injuries. He became aware that the petitioner had reason not to call upon his associates for support to his remarks to him.
Due process does not require providing attorneys or advocates for hearings in a prison setting even where liberty interest may exist nor does it require the court to set aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456. The claim of the petitioner that it is merely one story against the other is not warranted here.
For the above reasons the petition of the petitioner is denied.
Corrigan, Judge Trial Referee